# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY ANDERSON, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ST. FRANCOIS COUNTY SHERIFF'S )<br>DEPARTMENT, ST. FRANCOIS )<br>COUNTY, REMINGTON APPEL, )<br>DILLON SANSOUCIE, JACOB )<br>LUNSFORD, DAN BULLOCK, *in his* )<br>*official and individual capacity*, and )<br>DENNIS W. SMITH, *in his official and* )<br>*individual capacity*, )<br> )<br>    Defendants. ) | 20-CV- 20-749<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

## INTRODUCTION

1. This is a 42 U.S.C. § 1983 case arising out of the death of Michael Bennett by suicide while he was incarcerated at the St. Francois County Jail. Bennett was arrested for disorderly conduct and resisting arrest. When he arrived at the jail, the arresting officers warned the jail staff that Bennett was suicidal and had repeatedly expressed a desire to kill himself. Despite these warnings, the jail staff failed to take any precautions to protect Bennett. Bennett was placed in a holding cell by himself with standard issue jail clothes. He was not put on suicide watch or even checked on by the staff. Twenty minutes later Bennett was found dead hanging from a door handle in his cell. The jail staff's deliberate and conscious indifference to Bennett's health and safety violated his Fourteenth Amendment's rights. Bennett's surviving mother seeks compensatory and punitive damages on his behalf for defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. This is a civil action for damages under 42 U.S.C. § 1983. Therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## THE PARTIES

3. Plaintiff Kelly Anderson is the natural and legal mother of the deceased Michael L. Bennett. Anderson is a member of that class of individuals entitled to sue for damages under Mo. Rev. Stat. § 537.080.1(1).

4. Defendant St. Francois County is a political subdivision of Missouri and is a person for purposes of 42 U.S.C. § 1983. The St. Francois County Sheriff's Department is a department of St. Francois County with responsibility for the operation of the St. Francois County Jail (the "Jail").

5. Defendant Dan Bullock is the Sheriff of St. Francois County and has policy-making authority of Jail operations. He is being sued in his official and individual capacity.

6. Defendant Dennis W. Smith was, at all relevant times, the St. Francois County Jailer working under the direction of the St. Francois County Sheriff's Department, with responsibility for the day-to-day operations at the jail. He is being sued in his official and individual capacity.

7. Defendant Remington Appel, was at all relevant times, a Sheriff's Deputy employed at the Jail and working under the direction and control of Bullock and Smith.

8. Defendant Dillon Sansoucie, was, at all relevant times, a Sheriff's Deputy employed at the Jail and working under the direction and control of Bullock and Smith.

Case: 4:20-cv-00749-RLW   Doc. #:  1   Filed: 06/09/20   Page: 3 of 8 PageID #: 3

**Complaint**
<u>Anderson v. St. Francois County, et al.</u>
Page 3

9. Defendant Jacob Lunsford, was, at all relevant times, a Sheriff's Deputy employed at the Jail and working under the direction and control of Bullock and Smith.

10. At all relevant times, all of the defendants acted under color of the laws, statutes, ordinances and regulations of Missouri.

## GENERAL ALLEGATIONS

11. On March 4, 2019, Micheal Bennett was involved in a fist fight with two other men. Deputy Bates, Deputy Richardet and Deputy Platten of the St. Francois County Sheriff's Department arrived at the scene, along with Corporal Woods and Trooper Dooley of the Missouri State Highway Patrol.

12. Bennett fled from the officers on foot, jumped into a lake and swam to the other side. He was eventually taken into custody.

13. After he was taken into custody, Bennett repeatedly told the arresting officers that he was suicidal.  Bennett told Deputy Richardet that he wanted to kill himself, and he told Trooper Dooley that "I wish you would just take that gun out and shoot me man." When Trooper Dooley asked Bennett what he meant by this, Bennett stated, "I just don't want to be in this world anymore." Trooper Dooley took notes of what Bennett said and handed the notes to Deputy Richardet, who then informed Deputy Bates of Bennett's suicidal threats.

14. Deputy Bates and Deputy Platten transported Bennett to the Jail. When they arrived at the jail, Dennis Smith, Deputy Lunsford, Deputy Sansoucie, and Deputy Appel were on duty. Deputy Bates warned all four men that Bennett was suicidal.

15. Video surveillance shows that Deputy Sansoucie searched Bennett and placed him in a holding cell at 7:37 p.m. Despite knowing of Bennett's suicidal threats, defendants failed to take any measures to prevent Bennett from harming himself.  Instead

of being clothed in a paper gown, Bennett was given standard issue orange jail shirt and pants and was placed in a cell by himself with an interior door handle. Bennett was not seen or evaluated by a doctor or mental health care provider. Nor did the jail staff conduct suicide checks or place Bennett under video surveillance.

16. At 7:42 p.m., five minutes after being placed in the cell, Bennett used his teeth and his hands to tear the collar off his orange jail shirt. He then tied the fabric into a makeshift noose, secured the noose to the door handle of the cell, and placed his blanket and mattress under the door handle.

17. At 7:47 p.m., Bennett put his head in the noose, and sat forward on the mattress. He started to struggle and gasp for breath. At 7:52, fifteen minutes after he was placed in his cell, Bennett appeared to stop breathing.

18. Between the time he was placed in his cell and the time he stopped breathing, none of the defendants or other members of the jail staff bothered to check on Bennett.

19. At 7:55 p.m., three minutes after Bennett appeared to stop breathing, Deputy Appel placed a file folder in a plastic pouch on the door of Bennett's cell. Deputy Appel did not bother to look through the glass window of the cell to check on Bennett. At 8:29 p.m., Deputy Appel returned to the cell to retrieve the file folder, but once again failed to check on Bennett.

20. At 8:31 p.m. Deputy Appel entered Bennett's cell and discovered Bennett hanging by the door handle. Deputies Lunsford and Sansoucie removed Bennett from the noose and began lifesaving measures. Bennett was taken to the hospital by EMS responders, where he was pronounced dead.

21. Bennett was only the latest victim in what has been a long-standing pattern

of suicides at the Jail. In 2006, St. Francois County was sued for failing to establish and implement policies and procedures to prevent a detainee's suicide at the jail. From 2007 or 2008 until his retirement in December of 2019, Jail Administrator Dennis Smith was a member of the Jail Standards and Safety Committee for the Missouri Sheriff's Association and helped develop the Missouri Jail Core Standards manual, which called for the development of specific policies for suicide screening and prevention as well as suicide prevention training for jail staff. Despite Smith's knowledge of the suicide training and prevention guidelines in the Jail Core Standards manual, the 2006 federal court ruling, and other suicides that occurred at the jail since 2006, the Sheriff's Department failed to implement a suicide prevention policy and failed to train the jail staff on the prevention of suicides. Four months before Bennett's suicide, another detainee, Nancy Rodenberg committed suicide at the jail. The Jail did not make any changes to its policies, procedures or training program as a result of Rodenberg's death.

**FIRST CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983)**
**(Against defendants Smith, Sansouci, Appel, and Lundsford)**

22. Plaintiff incorporates paragraphs 1-21, above.

23. Under the Fourteenth Amendment, jail officials must adequately protect pretrial detainees from a substantial risk of suicide. Jail officials violate this constitutional right if they had actual knowledge of the substantial risk of suicide and responded with deliberate indifference to the risk.

24. Defendants knew Bennett presented a substantial suicide risk at the time he was booked into the Jail.

25. Defendants acted with deliberate indifference and with reckless disregard to Bennett's risk of suicide. Defendants placed Bennett in a cell by himself with a door

handle as a tie-off point and with standard-issue prison clothes rather than a paper gown. Defendants failed to conduct suicide checks of Bennett or to monitor him on video. And defendants failed to have a doctor or mental health provider evaluate Bennett when he expressed suicidal propensities. In short, defendants failed to take any precautions whatsoever to protect Bennett after being informed that he was suicidal and had threatened to kill himself.

26. As a result of defendants' deliberate indifference to Bennett's risk of suicide, Bennett committed suicide. Bennett's damages include loss of life, loss of enjoyment of life, pain and suffering between the time of injury and the time of death, lost future earnings, and reasonable burial fees.

27. Defendants' acts and omissions were malicious and recklessly indifferent to the risk of harm to Bennett, entitling plaintiff to recover punitive damages from defendants in an amount sufficient to punish defendants and to protect others from similar conduct.

28. Plaintiff is entitled to reasonable attorney fees, expert fees and costs associated with this litigation under 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**(Municipal and supervisory liability under 42 U.S.C. § 1983)**
**(Against defendants St. Francois County, Bullock and Smith)**

29. Plaintiff incorporates paragraphs 1-28, above.

30. Given the history of suicides at the Jail, the 2006 lawsuit challenging the Jail's lack of policies to prevent detainee suicides, and Smith's knowledge of the Missouri Jail Core Standards regarding suicide training and prevention, St. Francois County and its policy makers- Bullock and Smith- had actual knowledge that, without policies and procedures to prevent detainee suicides, the constitutional rights of detainees would

likely be violated.

31. Despite this knowledge, St. Francois County, Bullock and Smith failed to establish and implement policies at the Jail to prevent detainee suicides. Bullock and Smith also failed to train their subordinates in the supervision and handling of detainees who are suicidal. Bullock and Smith knew that the training and supervision were inadequate and likely to result in a constitutional violation.

32. An adequate suicide prevention policy and training program would have included placing a suicidal detainee in a paper gown, placing him in a cell without tie-ons such as door handles, performing regular suicide checks, and having the detainee evaluated or treated by a doctor or mental health provider.

33. The failure to establish a suicide prevention policy - and the failure to train the Jail staff in how to prevent detainee suicides- constituted deliberate indifference to the constitutional rights of detainees.

34. The failure to implement a suicide prevention policy and the failure to supervise and train the Jail staff was the moving force behind the violation of Bennett's Fourteenth Amendment rights.

35. As a direct and proximate result of St. Francois County's, Bullock's and Smith's deliberate indifference, Bennett suffered damages, including loss of life, loss of enjoyment of life, pain and suffering between the time of injury and the time of death, lost future earnings, and reasonable burial fees.

36. Defendants' acts and omissions were malicious and recklessly indifferent to the risk of harm to Bennett, entitling plaintiff to recover punitive damages from defendants in an amount sufficient to punish defendants and to protect others from similar conduct.

Case: 4:20-cv-00749-RLW   Doc. #:  1   Filed: 06/09/20   Page: 8 of 8 PageID #: 8

**Complaint**
*Anderson v. St. Francois County, et al.*
Page 8

37. Plaintiff is entitled to reasonable attorney fees, expert fees and costs associated with this litigation under 42 U.S.C. § 1988.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment in her favor against all defendants, award her compensatory or damages in an amount to be proven at trial, award her punitive damages, attorney's fees, costs of suit, expert fees, and any other and further relief as the Court deems just and proper.

**MANLEY, KARRAKER & KARRAKER, P.C.**
Attorney for Plaintiff

DATED: June 9, 2020        By:    /s/Vonne L. Karraker
Vonne L. Karraker, MBE #56335
110 S. Jefferson Street
P.O. Box 454
Farmington, MO 63640
Telephone: (573) 756-6446
Facsimile: (573) 756-5151
vonne@semoelderlaw.com